PEOPLE ex rel. CRAMOND v. COMMON COUNCIL AND CHAMBERLAIN OF CITY OF ROME.

(*Supreme Court, General Term, Fourth Department.* September, 1892.)

INDIGENT SOLDIERS—RELIEF BY TOWN OR CITY—RECOMMENDATION OF G. A. R.

Laws 1888, c. 261, § 1, providing that for the relief of indigent soldiers and marines, and the families of those deceased, the proper auditing board of the city or town where they reside "shall provide such sum or sums of money as may be necessary, to be drawn * * * upon the recommendation of the relief committee" of any G. A. R. post in such city, gives the relief committee absolute power to judge of the necessity of such aid, and a resolution of the common council of the city to provide no further money is of no effect.

Appeal from special term, Oneida county.

Application by William J. Cramond for *mandamus* to compel the common council and chamberlain of the city of Rome to provide the sum of $280 to be drawn by relator and other officers of Skillen Post of the Grand Army of the Republic, pursuant to Laws 1887, c. 706, amended by Laws 1888, c. 261. The writ was granted, and defendant appeals. Affirmed.

Relator was commander of Post Skillen, and the application was supported by the affidavit of Martin, who was a member of the relief committee of the post, and also a member of the common council of the city of Rome.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Charles Carmichael* and *A. D. Kneeland,* for appellant. *D. F. Searl,* for respondent.

HARDIN, P. J. Chapter 706, Laws 1887, authorized special provision to be made "for the relief of indigent soldiers, sailors, and marines, and the families of those deceased." All but the fifth section of the act was amended by chapter 261, Laws 1888. In section 5 of the act of 1887, it is provided that "indigent veterans with families, and the families of deceased veterans, shall, whenever practicable, be provided for and relieved at their homes in such city or town in which they shall have a residence, in the manner provided in sections one and two of this act." There is nothing in the affidavits to show any attempt on the part of the relator, or the post he represents, to disregard the provision quoted. In section 1 of the act of 1888, it is provided that, for relief of the class of persons named "who need assistance in any city, * * * the proper auditing board of such city * * * shall provide such sum or sums of money as may be necessary, to be drawn upon by the commander and quartermaster of any post of the Grand Army of the Republic in said city, * * * upon the recommendation of the relief committee of said post, in the same manner as is now provided by law for the relief of the poor." The affidavits show that notices were given the defendant, pursuant to section 3 of the act of 1888, "that said post intends to undertake such relief as is provided by this act," and the bond provided for by section 4 of the act of 1888 was given and approved. According to the affidavits, the defendant provided certain sums, and paid them over to the post under the provisions of the statute. Upon further application by the post,

the defendant refused to provide any further sum, "by a resolution duly and regularly passed September 7, 1891." It is now insisted on behalf of the defendant that such action is judicial and final. The act seems to provide that the relief committee of the post shall judge "of the necessity for aid," and authorizes the commander and quartermaster to draw upon the fund to be provided to supply the necessary assistance, certified by the commander to be necessary. The power conferred upon the post and its officers seems to be exceptional for a favored class of indigent persons embraced within its provisions. The proofs before the special term justified its conclusion that the defendant had failed to comply with the provisions of law relating to the needs of such indigent class, and hence the order requiring the defendant to obey and comply with its provisions was proper. The order should be affirmed, with $10 costs and disbursements. All concur.